# In the United States Court of Federal Claims

|  |  |
|---|---|
| CRYSTAL-JUNE MATLOCK,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br><br>    *Defendant*. | No. 25-548<br>(Filed: April 9, 2025) |

*Crystal-June Matlock*, pro se, Eckert, CO.

*Elizabeth Marie Durfee Pullin*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

  On March 26, 2025, pro se Plaintiff Crystal-June Matlock filed a Complaint in this Court, along with a Motion for a Cease-and-Desist Order and a Motion for an Emergency Injunction. *See* Compl., ECF No. 1; ECF Nos. 2 & 3. She names several defendants: the State of Colorado, the "Delta County Human Services (Child Protective Services)," which appears to be called the Delta County Department of Human Services; the "Town of Delta"; the Cedaredge Police Department; and the Delta County Sheriff's Department. Compl. at 1, 3. Additionally, Plaintiff lists as defendants two individuals employed by the Delta County Department of Human Services and two district court magistrate judges who sit on Colorado state courts. *Id.* at 3.

  Ms. Matlock claims that these defendants, along with her ex-husband, conspired together to tortiously violate her civil, constitutional, and contractual rights. *Id.* at 1–2. She alleges she was "fraudulently accused of intra familial neglect" and "Educational Neglect" by the Delta County Department of Human Services, who began an "unlawful investigation" with "no known warrant or probable cause" or "supporting affidavits" when her children were truant. *Id.* at 4–5. She implies the children's truancy stemmed from her choice to homeschool them. *See id.* at 6. She says she had various interactions with the Department of Human Services and the Colorado family court at the end of 2024 and the beginning of 2025. *Id.* at 4–5. The Department of Human Services reportedly informed her that it would add her name to a database of "person[s] responsible for [] child abuse and neglect." *Id.* at 10.

  Ms. Matlock states that she believes the Department of Human Services is "bound by the law of contracts" and "cannot make laws regarding the care and upbringing" of her children without her consent. *Id.* at 6. *See also id.* at 4 (describing Plaintiff's assertion that she refused to contract with the Department of Human Services). Purportedly, the named defendants in this action breached this

contract, violating various constitutional provisions. *Id.* She asks for a variety of equitable relief and "[c]ompensatory and consequential damages" for "emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering." *Id.* at 12–13.

Under the Tucker Act, the U. S. Court of Federal Claims has the authority to consider "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (emphasis added). To establish jurisdiction, a plaintiff must invoke an independent money-mandating source of law from which the claim arises. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Court may examine on its own whether subject-matter jurisdiction exists. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); Rule 12(h)(3) of the Rules of the Court of Federal Claims (hereinafter "RCFC"). And "[i]f the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). While the Court liberally construes a pro se plaintiff's complaint, she still bears the burden of establishing subject matter jurisdiction. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citations omitted).

Here, Ms. Matlock alleges that this Court has jurisdiction because she (1) added the United States to the case caption, and (2) the Court of Federal Claims has jurisdiction over cases involving contract claims against the United States. Compl. at 1–2. But the Complaint itself makes plain that the United States is not a party to this action. *See, e.g.*, *id.* at 3 (listing out the named defendants *except* the United States). Merely naming the United States as a defendant in a "complaint is insufficient to establish this Court's subject-matter jurisdiction." *Gardner v. United States*, No. 25-81, 2025 WL 315313, at *2 (Fed. Cl. Jan. 28, 2025) (citation omitted). And claims against "states, localities, state and local government entities, or state and local government officials and employees" fall outside this Court's jurisdictional scope. *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014). *See also Whittington v. United States*, 166 Fed. Cl. 532, 544–45 (2023) (noting the Court lacks jurisdiction against state officials and private individuals involved in a truancy action against plaintiff).

Further, while Ms. Matlock frames her case in the language of contract law, her claims do not concern actual contracts. Instead, she argues the various named defendants are allegedly violating her "Civil Rights" under the color of law and the Constitution, including the First, Seventh, Eighth, and Fourteenth Amendments. Compl. at 1–2, 6–12. This Court lacks jurisdiction over these claims because they do not arise under money-mandating sources of law. *See, e.g.*, *Young v. United States*, 88 Fed. Cl. 283, 289 (2009) (citation omitted) (explaining the Court of Federal Claims lacks jurisdiction over alleged violations of civil rights laws); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (noting that this Court lacks jurisdiction over alleged due process violations under the Fifth and Fourteenth Amendments); *Trafny v. United States,* 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision.") (internal quotation marks and citation omitted); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (stating the First Amendment is not money-mandating); *Jaffer v. United States*, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6, 1995) (observing that the Court of Federal Claims does not have jurisdiction over First or Seventh Amendment claims). Thus, this Court must dismiss Ms. Matlock's Complaint under Rule 12(h)(3) because it does not have jurisdiction.

When the Court lacks jurisdiction, transfer may be appropriate if another court has jurisdiction and transfer is in the interest of justice. *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (citing 28 U.S.C. § 1631). Since Ms. Matlock details ongoing court proceedings related to this case in Colorado state courts, Comp. at 4–5, the Court finds that transfer would not be "in the interest of justice." 28 U.S.C. § 1631.

Accordingly, Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**. Plaintiff's Motion for a Cease-and-Desist Order, ECF No. 2, and Motion for an Emergency Injunction and Restraining Order, ECF No. 3, are **DENIED as moot**. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

<u>s/ Carolyn N. Lerner</u>
CAROLYN N. LERNER
Judge